### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### MEMPHIS DIVISION

| | |
|---|---|
| **VERSO PAPER LLC,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | Judge |
| **GO2PAPER, INC.,** ) | Magistrate Judge |
| ) | **JURY TRIAL DEMANDED** |
| *Defendant.* ) | |
| ) | |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Verso Paper LLC ("Plaintiff") files this Complaint against Defendant Go2Paper, Inc. ("Defendant"), and alleges infringement of U.S. Patent No. 8,260,672 (the "'672 Patent") seeking damages, injunctive relief and other relief, as follows:

### NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### PARTIES

2. Plaintiff is a Tennessee limited liability company, and has its headquarters and principal place of business at 6775 Lenox Center Court, Suite 400, Memphis, Tennessee 38115-4436.

3. Defendant is a California corporation, with its principal place of business located at 6114 LaSalle Ave. #283, Oakland, CA 94611-2802.

### JURISDICTION AND VENUE

4. The lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367.

5. This Court has personal jurisdiction over Defendant for at least the following reasons: (1) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement in this District and elsewhere in Tennessee; (2) Defendant regularly does business or solicits business in this District and in Tennessee; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in this District and in Tennessee; and (4) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to defend its conduct in this District and in Tennessee. Thus, the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because by doing business in the State of Tennessee, Defendant has committed acts of infringement in Tennessee and in the District, and is subject to personal jurisdiction in this District.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT 8,260,672

7. Verso incorporates by reference the allegations in paragraphs 1 through 6 of this complaint.

8. On September 4, 2012, the United States Patent and Trademark Office issued U.S. Patent No. 8,260,672 B2 (the "'672 Patent"), entitled "Multi-Party, Multi-Tier System for Managing Paper Purchase and Distribution." A true and correct copy of which is attached hereto at Exhibit A. The '672 Patent describes and claims a system for paper production and distribution in a communication network environment with multi-party and multi-level production and distribution relationships.

9. Plaintiff is the assignee and owner of the entire right, title and interest in the '672 Patent.

10.     The '672 Patent is valid, is enforceable, and duly and legally issued by the United States Patent and Trademark Office.

11.     Without a license or permission from the Plaintiff Verso, Defendant has infringed and continues to infringe on one or more claims of the '672 Patent – directly, contributorily, or by inducement – by importing, making, using, offering for sale, or selling products and services that embody the patented invention, including, without limitation, one or more of Defendant's Paper Manager products and related services ("the Accused Products/Services"), in violation of 35 U.S.C. § 271.

12.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '672 Patent in the State of Tennessee, in this judicial district, and elsewhere in the United States, by among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products/services that fall within the scope of one or more claims of the '672 Patent. Such products/services include, without limitation, the Accused Products/Services. Such products/services have no substantial non-infringing uses and are for use in systems that infringe the '672 Patent. By making, using, importing, offering for sale, and/or selling such products/services, Defendant injured Plaintiff Verso and is thus liable to Verso for infringement of the '672 Patent under 35 U.S.C. § 271.

13.     Defendant's acts of infringement of the '672 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Plaintiff's exclusive rights under the '672 Patent will continue to damage Verso, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

14. On information and belief, Defendant has continued to infringe the '672 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit. On information and belief, such continued infringement has been objectively reckless including because Defendant (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk. Accordingly, Verso seeks a willfulness finding against Defendant relative to its infringement of the '672 Patent entitling Plaintiff to increased damages under 35 U.S.C. § 284 as well as attorneys' fees and cost under 35 U.S.C. § 285.

15. On information and belief, Defendant has at least had constructive notice of the '672 Patent by operation of law.

## REQUEST FOR RELIEF

Plaintiff incorporates each of the allegations in paragraphs 1-15 above and respectfully requests judgment and relief against Defendant, as follows:

a. A judgment that Defendant has directly infringed, indirectly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '672 Patent;

b. A preliminary and thereafter a permanent injunction enjoining Defendant, its subsidiaries, affiliates, parents, successors, assignees, officers, agents, servants, employees and all persons acting in concert or in participation with them, or any of them, from further acts of infringement, contributory infringement, or inducement of infringement of '672 Patent;

c. Awarding Plaintiff all damages adequate to compensate for Defendant's direct, indirect, contributory and/or inducement to infringe the '672 Patent, but in no event less than a reasonable royalty on Defendant's use of Plaintiff's invention, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

d. A judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '672 Patent;

e. A judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and,

f. Granting such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury for all issues that may be determined by a jury.

Dated March 4, 2013.

          Respectfully submitted,

          /s/ Joshua R. Denton
          Overton Thompson III (BPR # 11163)
          Paige W. Mills (BPR # 16218)
          Joshua R. Denton (BPR # 23248)
          BASS, BERRY & SIMS PLC
          150 Third Avenue South, Suite 2800
          Nashville, TN 37201
          (615) 742-6200 – Telephone
          (615) 742-0429 – Facsimile
          othompson@bassberry.com
          pmills@bassberry.com
          jdenton@bassberry.com

          *and*

          Terry L. Clark (BPR # 34640)
          (*Pro Hac Vice Motion to be Filed*)
          BASS, BERRY & SIMS PLC
          1201 Pennsylvania Avenue NW, Suite 300
          Washington, DC 20004
          (202) 827-2950 – Telephone
          (202) 478-0798 – Facsimile
          tclark@bassberry.com
          *Attorneys for Plaintiff*